08 CV 5295

JUDGE HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
MAX KELLERMAN,

                      Plaintiff,      :  Civil Action No. _____

     vs.

                                 :  Supreme Court for the State
                                     of New York, New York
                                     County, Index No.
                                     107461/08

JON LIEBMAN,

                    Defendant.    :
------------------------------------------------------------------ X


RECEIVED JUN 10 2008 U.S.D.C. S.D.N.Y. CASHIERS

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
       THE SOUTHERN DISTRICT OF NEW YORK

### NOTICE OF REMOVAL

       Defendant Jon Liebman hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York on the grounds that the district court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**Background**

1. In the Summer of 2006, plaintiff Max Kellerman discharged Brillstein Entertainment Partners, LLC ("Brillstein") as his manager. Prior to this time, Brillstein acted as manager of plaintiff and William Morris Agency ("William Morris") acted as plaintiff's talent agent.

2. In the Fall of 2006, Brillstein commenced an action in the Superior Court of the State of California against plaintiff. In that action, Brillstein alleged that it is entitled to certain payments from plaintiff.

3. In December 2007, plaintiff filed a Petition against Brillstein with the California Labor Commission challenging Brillstein's rights. The Petition included a sworn statement from plaintiff's agent at William Morris.

4. On May 29, 2008, plaintiff commenced an action against defendant in the Supreme Court of the State of New York, New York County (the "Action"). Plaintiff alleges that defendant, the Chief Executive Officer of Brillstein, engaged in extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. Plaintiff alleges that defendant violated the Hobbs Act by causing William Morris to pay to Brillstein half of the commissions that William Morris received from plaintiff, and by causing William Morris to cease cooperating with plaintiff's Petition before the California Labor Commission. Plaintiff seeks, among other things, actual and punitive damages.

**Federal Question Jurisdiction**

5. The district court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331.

6. A federal question exists under that provision because the Action "aris[es] under the ... laws ... of the United States." *Id.* The complaint alleges a violation of the Hobbs Act, 18 U.S.C. § 1951.

**Diversity Jurisdiction**

7. This Court also has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a)(1).

8. Complete diversity of citizenship exists under that provision as the Action "is between ... citizens of different States." *Id.*

9. Plaintiff is a citizen of the State of New York.

10. Defendant is a citizen of the State of California.

11. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs.

**Removal**

12. Jon Liebman hereby exercises his rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove the above-captioned action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

13. The complaint in the Action purported to be served on defendant on June 3, 2008. This Notice is timely filed. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (notice of removal must be filed within 30 days from service).

14. Pursuant to 28 U.S.C. § 1446(a) and Rule 81.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York, copies of the Summons and Complaint filed in the Action are attached hereto as Exhibit A.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Supreme Court of the State of New York, County of New York, and defendant will give written notice of the filing of this Notice to plaintiff in the Action.

16. By filing this Notice of Removal, defendant does not waive any defense that may be available to it, including, but not limited to, any objections to personal jurisdiction or venue or any defense for failure to state a claim.

17. Defendant reserves the right to amend or supplement this Notice of Removal.

Dated:   June 10, 2008
         New York, New York

                                    WACHTELL, LIPTON, ROSEN & KATZ

                                    By: _____
                                        Herbert M. Wachtell (HW-7347)
                                        51 West 52nd Street
                                        New York, New York 10019-6150
                                        (212) 403-1000

                                    *Attorneys for Defendant Jon Liebman*

4

**ORIGINAL**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MAX KELLERMAN,

                *Plaintiff,*

    - against –

JON LIEBMAN,

                *Defendant.*
-----------------------------------------------------------------X

**SUMMONS**

Index No: 08107461

Plaintiff resides at
11 5th Avenue
New York, New York 10022

**To the above named Defendant:**

    **You are hereby summoned** to answer the Complaint in this action, and to serve a copy of your answer within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    The basis of the venue designated is CPLR § 509.

Dated: New York, New York
       May 29, 2008

Yours, etc.

JUDD BURSTEIN, P.C.

By: _____
    Judd Burstein
1790 Broadway, Suite 1501
New York, New York 10019
Tel: (212) 974-2400
Fax: (212) 974-2944
*Attorneys for Plaintiff Max Kellerman*

FILED MAY 29 2008 COUNTY CLERK'S OFFICE NEW YORK

To:  **Jon Liebman**
Chief Executive Officer
Brillstein Entertainment Partners, LLC
9150 Wilshire Blvd., Suite 350
Beverly Hills, California 90212

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
MAX KELLERMAN,

              *Plaintiff*,

  – against –                                  Index No. _____

JON LIEBMAN,                                 **COMPLAINT**

              *Defendant*.
------------------------------------------------------------X

        FILED 08107461
        MAY 29 2008
        COUNTY CLERK'S OFFICE
        NEW YORK

Plaintiff Max Kellerman, by his attorneys, Judd Burstein, P.C., complaining of the Defendant, alleges as follows:

## INTRODUCTION

1. This case arises from the greed, arrogance and pettiness of Jon Liebman ("Liebman"), the Chief Executive Officer of Hollywood entertainment giant Brillstein Entertainment Partners, LLC ("BEP"). As detailed below, on information and belief, Liebman has engaged in a violation of the Hobbs Act (18 U.S.C. § 1951) by extorting Plaintiff Max Kellerman's ("Kellerman") talent agent, William Morris Agency ("WMA") into (a) paying 50% of WMA's Kellerman commissions to BEP as a penalty for WMA having provided truthful evidence that supports Kellerman's claim that BEP violated the California Talent Agencies Act with respect to its prior management of Kellerman, and (b) refusing to continue to voluntarily assist Kellerman in his dispute with BEP. WMA is paying this tribute to BEP because Liebman threatened that, in the absence of WMA agreeing to his unlawful demands, he would cause WMA great economic harm by ensuring that BEP clients did not employ WMA as their talent agent.

2. In essence, on information and belief, WMA is charging Kellerman a 10% commission, but it is in fact working for a 5% commission. As Kellerman's fiduciary, WMA has

an obligation pass this savings on to Kellerman, rather than paying it to BEP. However, it has been forced to pay those monies to BEP.

3.　　To be sure, WMA has not acted appropriately, but Kellerman has chosen not to sue WMA at present because it is really a victim. The real villain here is Liebman, who, through an unethical abuse of his great power in the entertainment industry, has forced WMA into breaching its fiduciary duty to Kellerman, so as to reap a financial benefit for BEP. It is therefore Liebman who should be responsible in the first instance for repayment of the excess monies charged to Kellerman but paid to BEP. In addition, it is Liebman who should be forced to pay punitive damages in an amount no less than $700,000 so as to deter him from making illegal threats in the future.

## PARTIES

4.　　Plaintiff Kellerman is one of the leading sports broadcasters in the United States of America. He is a citizen of the State of New York.

5.　　Defendant Liebman is the Chief Executive Officer of BEP. Although, on information and belief, he is a citizen of California, he is subject to this Court's jurisdiction because, *inter alia*, he is currently registered as an active member of the New York Bar.

## PLAINTIFF'S CAUSE OF ACTION

6.　　As of the Summer of 2006, BEP served as Kellerman's manager.

7.　　In the Summer of 2006, Kellerman discharged BEP as his manager.

8.　　At all times relevant to this action, WMA has served as Kellerman's talent agent in return for a 10% commission on Kellerman's earnings. Kellerman's contract with WMA explicitly provides that WMA is Kellerman's fiduciary.

2

9. In the Fall of 2007, BEP sued Kellerman in the Superior Court of the State of California, falsely alleging that it is entitled to commissions on monies earned by Kellerman from MSNBC, ESPN Radio, and HBO after his discharge of BEP.

10. Under the California Talent Agencies Act, a manager is not permitted to negotiate or seek to procure employment for a client unless the manager is explicitly requested to do so by a client's licensed talent agent.

11. In the course of preparing a defense, it became clear that, at least with respect to Kellerman's prospective employment with MSNBC, BEP had negotiated with MSNBC.

12. In light of this conduct by BEP, Kellerman asked his WMA agent, Jon Rosen ("Rosen"), whether he had ever requested BEP to assist him in his negotiations with MSNBC. When Rosen confirmed that he had never made such a request, Kellerman asked Rosen to submit a sworn statement to that effect. Consistent with his fiduciary obligation to Kellerman as Kellerman's agent, Rosen executed such a statement.

13. In December of 2007, upon Kellerman filing a Petition against BEP with the California Labor Commission that included Rosen's sworn statement, Liebman learned of that statement.

14. It was at this point in time that, on information and belief, Liebman commenced his extortion of WMA.

15. On information and belief, in or about December of 2007 or January of 2008, Liebman spoke with Jim Wiatt ("Wiatt"), WMA's Chief Executive Officer, and expressed outrage over WMA providing truthful evidence on behalf of Kellerman that was contrary to BEP's economic interest.

3

16. On information and belief, Liebman informed Wiatt that because WMA had assisted Kellerman (as it was obligated to do as Kellerman's fiduciary), Liebman would take steps to ensure that BEP clients used talent agents other than WMA. Such a directive from Liebman would have caused devastating injury to WMA.

17. Thereafter, on information and belief, Liebman agreed not to make good on his threats so long as WMA agreed (a) to pay BEP 50% of all future commissions earned by WMA in connection with Kellerman, and (b) to cease assisting Kellerman in his dispute with BEP.

18. On information and belief, commencing in January of 2008, WMA, without Kellerman's knowledge or consent, started paying BEP 50% of all of commissions earned from Kellerman. Significantly, although Martin Singer, BEP's attorney, has denied that BEP's receipt of payments was improper, **he has not denied that such payments have in fact been made by WMA to BEP**.

19. WMA has also ceased cooperating with Kellerman in his dispute with BEP. Hence, whereas WMA had previously provided a voluntary sworn statement from Rosen, it has recently refused to make Rosen available for a deposition, even though it knew that its refusal might render Rosen's sworn statement almost useless in Kellerman's Labor Commission proceeding against BEP. Similarly, WMA has refused to voluntarily supply relevant documents – **even documents relating to Kellerman's own account** – to Kellerman and, indeed, has objected to producing such documents pursuant to a lawfully issued subpoena.

20. WMA has been coerced into breaching its fiduciary duty to Kellerman by (a) reducing its Kellerman commission from 10% to 5% of Kellerman's income, and then paying that 5% to BEP

4

instead of remitting it back to Kellerman, and (b) refusing to cooperate with Kellerman in his dispute with BEP.

21. Liebman knowingly participated in, and indeed procured, WMA's breach of its fiduciary duty to Kellerman.

22. Kellerman has been damaged, in an amount to be determined at trial, by WMA's breach of fiduciary duty, and Liebman is liable for those damages as a result of his knowing participation in that breach.

23. In addition, because Liebman's conduct, which amounted to a criminal violation of the Hobbs Act, has been willful, wanton, and malicious, punitive damages as determined at trial, but in no event less than $700,000, should be awarded.

**WHEREFORE, Plaintiff demands judgment as follows:**

A. An award of Plaintiff's actual damages as determined at trial;

B. An award of punitive damages as determined at trial, but in no event less than $700,000; and

C. An Order granting such other and further relief as deemed just and proper by the Court.

Dated: New York, New York
May 29, 2008

Yours, etc.

JUDD BURSTEIN, P.C.

By_____
Judd Burstein
1790 Broadway, Suite 1501
New York, New York 10019
(212) 974-2400

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
MAX KELLERMAN,

                *Plaintiff,*                Index No.

      -against-

                                  **SUMMONS AND COMPLAINT**

JON LIEBMAN,

               *Defendant.*
------------------------------------------------------------X

**JUDD BURSTEIN, PC**
1790 Broadway
New York, New York 10019
212-974-2400
*Attorneys for Plaintiff*

I hereby certify pursuant to 22 NYCRR § 130-1.1-a that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers herein and the contention made therein are not frivolous as defined in 22 NYCRR § 130-1.1(c)

Dated:   May 29, 2008                    Signature: _[signature]_

                                                        Print Signer's name: __Lindsey B. Rodgers__