UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

MAX KELLERMAN,

        Plaintiff,

v.

JON LIEBMAN,

        Defendant.

------------------------------------- X

Electronically Filed

CIVIL ACTION NO.:

CV-08-5295 (RJH)

ECF CASE

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019-6150
(212) 403-1000

*Attorneys for Defendants*

Dated: July 3, 2008

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

STATEMENT OF FACTS AND PRIOR PROCEEDINGS ......................................................... 1

ARGUMENT ................................................................................................................................. 2

CONCLUSION .............................................................................................................................. 4

# TABLE OF AUTHORITIES

Page

**Cases**

*Am. Computer Trust Leasing v. Jack Farrell Implement Co.*, 763 F. Supp. 1473 (D. Minn. 1991) ............3

*Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371 (N.D. Ill. 1996) ............3

*Barge v. Apple Computer*, 1997 WL 394935 (S.D.N.Y. July 15, 1997) ............3

*Barrett v. City of Allentown*, 152 F.R.D. 50 (E.D. Pa. 1993) ............3

*Campbell v. Austin Air Sys., Ltd.*, 423 F. Supp. 2d 61 (W.D.N.Y. 2005) ............3

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994) ............2

*Chrysler Corp. v. Brown*, 441 U.S. 281 (1971) ............3

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ............2

*Creech v. Fed. Land Bank of Wichita*, 647 F. Supp. 1097 (D. Colo. 1986) ............3

*John's Insulation Inc. v. Siska Const. Co., Inc.*, 774 F. Supp. 156 (S.D.N.Y. 1991) ............3

*Peterson v. Philadelphia Stock Exch.*, 717 F. Supp. 332 (E.D. Pa. 1989) ............3

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) ............2

*Thompson v. Thompson*, 484 U.S. 174 (1988) ............2

*Wisdom v. First Midwest Bank*, 167 F.3d 402 (8th Cir. 1999) ............3

*Younger v. Harris*, 401 U.S. 37 (1971) ............2

**Statutes & Rules**

18 U.S.C. § 1951 ............2

28 U.S.C. § 1404(a) ............2

Fed. R. Civ. P. 12(b)(6) ............1

Defendant Jon Liebman respectfully submits this memorandum of law in support of his motion to dismiss plaintiff Max Kellerman's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS AND PRIOR PROCEEDINGS

The present action was commenced on May 29, 2008 in Supreme Court, New York County, and was removed to this Court on the basis of both federal question and diversity jurisdiction on June 10, 2008.

Prior to mid-2006, Brillstein Entertainment Partners ("Brillstein") was an artist's manager for plaintiff Max Kellerman, a radio and television sports commentator. The present defendant, Jon Liebman, is the Chief Executive Officer of Brillstein. William Morris Agency ("William Morris") was Kellerman's talent agent. Kellerman terminated Brillstein in mid-2006 but failed to pay fees that Brillstein deemed to be due to it as a manager. Compl. ¶¶ 4, 7.

While prior proceedings here are not germane to disposition of the present motion, they are matters of public record and may be briefly stated. On September 24, 2007, Brillstein commenced an action in the Superior Court of the State of California to recover the unpaid fees from Kellerman. Compl. ¶¶ 6-9. Kellerman thereupon turned to the California Labor Commissioner and filed a petition claiming that Brillstein had violated California law and thereby forfeited a right to fees by ostensibly having unilaterally participated in the negotiation of contracts on behalf of Kellerman that, under California law, must be negotiated in conjunction with talent agents.

On May 29, 2008, Kellerman then asserted before the California Labor Commissioner the identical allegations that are the basis of the claim in this action, to wit, that Liebman as CEO of Brillstein supposedly extorted William Morris to share its fees with Brillstein. In the California Labor Commissioner proceedings, Kellerman asserted as against

Brillstein that the alleged extortion violated California law. In the complaint at bar, Kellerman dresses up these allegations as against Liebman, Brillstein's CEO, that the alleged extortion violated the Hobbs Act, 18 U.S.C. § 1951. Kellerman's hearing took place before the California Labor Commissioner last week and will continue in August.

## ARGUMENT

The complaint consists of a single cause of action for violation of 18 U.S.C. § 1951, the Hobbs Act. As set forth below, the case law is clear that no such private right of action exists. Accordingly, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.[1]

The Complaint's single cause of action is that Liebman's activities constituted extortion in violation of the Hobbs Act. The Complaint itself in its introductory paragraph describes the claim: "As detailed below, on information and belief, Liebman has engaged in a violation of the Hobbs Act (18 U.S.C. § 1951) by extorting Plaintiff Max Kellerman's . . . talent agent, William Morris Agency." Compl. ¶ 1.

This purported Hobbs Act cause of action fails to state a claim. It is axiomatic that, unless shown to be intended by Congress, "a bare criminal statute" is not construed to give rise to a private right of action. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190-91 (1994); *Thompson v. Thompson*, 484 U.S. 174, 179 (1988). See also *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (dismissing claims brought by a private plaintiff under federal criminal statutes because the statutes did not provide

---

[1] In the event that Kellerman's action is not finally dismissed for failure to state a claim, defendant respectfully reserves the right to raise all defenses available to him, including, based on the parallel actions in California, potentially applicable abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and/or *Younger v. Harris*, 401 U.S. 37 (1971) as well as potential defenses of res judicata and collateral estoppel. In addition, defendant respectfully reserves the right to move to transfer the action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

private causes of action). Indeed, the Supreme Court has "rarely implied a private right of action under a criminal statute." *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1971).

Specifically, this black-letter doctrine disfavoring private claims under criminal statutes applies to the Hobbs Act, "a bare criminal statute with no support for a private cause of action." *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408-09 (8th Cir. 1999) (collecting cases and holding that the Hobbs Act does not provide a private right of action). This Court has likewise explicitly so held. *Barge v. Apple Computer*, 1997 WL 394935, at *2 (S.D.N.Y. July 15, 1997) (Wood, J.) ("[C]ourts that have considered this question have consistently found that the Hobbs Act does not support a private cause of action."); *John's Insulation Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163-64 (S.D.N.Y. 1991) (Conner, J.) ("There is no implied private cause of action under the Hobbs Act" as "18 U.S.C. § 1951 only provide[s] for criminal sanctions"). See also *Campbell v. Austin Air Sys., Ltd.*, 423 F. Supp. 2d 61, 72 (W.D.N.Y. 2005); *Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996); *Barrett v. City of Allentown*, 152 F.R.D. 50, 56 (E.D. Pa. 1993); *Am. Computer Trust Leasing v. Jack Farrell Implement Co.*, 763 F. Supp. 1473, 1497 (D. Minn. 1991); *Peterson v. Philadelphia Stock Exch.*, 717 F. Supp. 332, 335-36 (E.D. Pa. 1989); *Creech v. Fed. Land Bank of Wichita*, 647 F. Supp. 1097, 1099 (D. Colo. 1986).

## CONCLUSION

Plaintiff's complaint should be dismissed.

Respectfully submitted,

Dated: July 3, 2008

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
Herbert M. Wachtell (HW-3747)
51 West 52nd Street
New York, New York 10019-6150
(212) 403-1000

OF COUNSEL:
  Christina T. Shay*
  (*Pro Hac Vice* Application Pending)

*Attorneys for Defendant*

---

*Member of the Illinois bar.

- 4 -