UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAX KELLERMAN,

                *Plaintiff*,

      – against –                        Case No.: 08-CV-05295 (RJH)

JON LIEBMAN,

                *Defendant*.
------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

JUDD BURSTEIN, P.C.
*Attorneys for Plaintiff*
1790 Broadway, Suite 1501
New York, New York 10019
(212) 974-2400

*Of Counsel*
    Judd Burstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAX KELLERMAN,

                *Plaintiff*,

  – against –                                      Case No.: 08-CV-05295 (RJH)

JON LIEBMAN,

                *Defendant*.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Plaintiff Max Kellerman ("Plaintiff") submits this Memorandum of Law in opposition to Defendant Jon Liebman's ("Defendant") Motion to Dismiss the Complaint.

Defendant has moved to dismiss the Complaint on the ground that there is no private right of action under the Hobbs Act, 18 U.S.C. § 1951. We agree with this proposition. **The problem for Defendant, however, is that he has not bothered to read the Complaint, which does not contain a claim for damages under the Hobbs Act. Rather, the sole claim for relief in the Complaint is for Defendant's knowing participation in William Morris Agency's ("WMA") breach of fiduciary duty**. The Complaint's references to the Hobbs Act are for the limited purpose of explaining why Plaintiff is entitled to punitive damages. As we explain below, a defendant's violation of a criminal statute is relevant to the issue of punitive damages.

## STATEMENT OF THE FACTS

Defendant's obvious confusion about the gravamen of the Complaint is surprising in light of the fact that the Complaint could not be more clear:

a. Paragraph 8 alleges that "At all times relevant to this action, WMA has served as Kellerman's talent agent in return for a 10% commission on Kellerman's earnings. Kellerman's contract with WMA explicitly provides that WMA is Kellerman's fiduciary";

b. Paragraph 17 alleges that, as a result of Defendant's displeasure with the fact that WMA agent Jon Rosen had submitted a truthful sworn statement in connection with a dispute between Plaintiff and Defendant's company, "WMA agreed ... to pay BEP 50% of all future commissions earned by WMA in connection with Kellerman....";

c. Paragraph 18 alleges that "commencing in January of 2008, WMA, without Kellerman's knowledge or consent, started paying BEP 50% of all of commissions earned from Kellerman";

d. Paragraph 20 alleges that WMA breached its fiduciary duty to Kellerman by "reducing its Kellerman commission from 10% to 5% of Kellerman's income, and then paying that 5% to [Defendant's company] instead of remitting it back to Kellerman";

e. Paragraph 21 alleges that Defendant "knowingly participated in, and indeed procured, WMA's breach of its fiduciary duty to Kellerman"; and

f. Paragraph 22 alleges that Plaintiff "has been damaged, in an amount to be determined at trial, by WMA's breach of fiduciary duty, and [Defendant] is liable for those damages as a result of his knowing participation in that breach."

In other words, Plaintiff seeks compensatory damages only for WMA's breach of fiduciary duty, and alleges that Defendant is liable for those damages as an aider and abettor.[1]

To be sure, Plaintiff also alleges that Defendant's conduct in securing WMA's commissions constituted a violation of the Hobbs Act. However, he does not seek compensatory damages on that basis. Rather, he relies upon the alleged Hobbs Act violation **solely** as follows: "In addition, because Liebman's conduct, which amounted to a criminal violation of the Hobbs Act, has been willful, wanton, and malicious, punitive damages as determined at trial, but in no event less than $700,000, should be awarded." (Complaint at Paragraph 23).

## ARGUMENT

New York recognizes the tort of knowing participation or aiding and abetting in a breach of fiduciary duty. "The elements of a claim for aiding and abetting a breach of fiduciary duty under New York law are: (1) a breach by a fiduciary of obligations to another, (2) knowing participation by defendant in the breach, and (3) damages to plaintiff." *Kolbeck v. LIT America, Inc.*, 939 F. Supp. 240, 245 (S.D.N.Y. 1996) (Mukasey, D.J.) (citing *S & K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 847-48 (2d Cir. 1987); *accord The Pension Committee of the University of Montreal Pension Plan v. Banc of America Securities, LLC*, 05 Civ. 9016, 2007 U.S. Dist. LEXIS 11807, *31-32 (S.D.N.Y. Feb. 20, 2007) (Scheindlin, D.J.).

The Plaintiff pleads all of these elements. **First**, WMA breached its contractually acknowledged fiduciary duty to Kellerman by secretly sharing fees with Defendant's company. Not only was this a breach of WMA's absolute duty of full disclosure, *see Salm v. Feldstein*, 20 A.D.3d

---

[1] Plaintiff has not sought damages from WMA because he believes that WMA is essentially a victim here.

3

469, 799 N.Y.S.2d 104, 105 (2d Dep't 2005), it was also a breach of fiduciary duty because WMA's sharing of commissions demonstrated that it was willing to work for less than a 10% commission, and those savings should have been passed on to Kellerman. *See Beatty v. Guggenheim Exploration Co.*, 223 N.Y. 294, 302 (1918).

**Second**, Plaintiff explicitly alleges that by agreeing to share WMA's fees, Defendant knowingly participated in WMA's breach of fiduciary duty. In this regard we note that where, as here, a breach of fiduciary duty claim is not based upon an allegation of fraud, the pleading requirements of Fed. R. Civ. P. 8, rather than 9(b), apply. *See Henneberry v. Sumitomo Corporation of America*, 532 F. Supp. 2d 523, 555 (S.D.N.Y. 2007) (Leisure, D.J.).

**Third**, Plaintiff has alleged that he has been damaged by WMA's breach of fiduciary duty. In this regard, the law is clear that one who knowingly participates in another's breach of fiduciary duty is liable for all damages caused by that breach. *See S&K Sales*, 816 F.2d at 851.

As for the allegations of Defendant's violation of the Hobbs Act, those allegations are not remotely essential to the Complaint, and are alleged only as a basis for seeking punitive damages. Plainly, since a finding of punitive damages requires a finding of morally culpable conduct, *see Soto v. State Farm Insurance Co.*, 83 N.Y.2d 718, 724, 613 N.Y.S.2d 352, 355 (1994), Defendant's violation of the Hobbs Act is surely relevant here.[2]

---

[2] Although not necessary to a determination of this motion, we note that Defendant's alleged power in the entertainment industry makes proof of an explicit threat unnecessary in order to establish a Hobbs Act violation. *See United Stares v. Abelis*, 146 F.3d 73, 83 (2d Cir. 1998).

4

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint should be denied.

Dated: New York, New York
      July 8, 2008

                              Respectfully submitted,

                              JUDD BURSTEIN, P.C.

                              By_____
                              Judd Burstein (JB-9585)
                              1790 Broadway, Suite 1501
                              New York, New York 10019
                              (212) 974-2400
                              (212) 974-2944
                              jburstein@burlaw.com